**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TABITHA GUYER,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. 1:25-CV-00425<br><br><br><br>(CAMONI, M.J.) |

**MEMORANDUM OPINION**

Plaintiff Tabitha Guyer brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits under Title II of the Social Security Act. Transcript, doc. 9-3 at 2. She challenges the Administrative Law Judge's (ALJ) assessment of the residual functional capacity. Pl.'s Br., doc 16 at 1. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

On June 8, 2021, Guyer applied for disability benefits under Title II of the Social Security Act, alleging disability as of May 10, 2021. Doc.

9-3 at 2. Following an initial denial, Guyer submitted an appeal, requesting a hearing before an ALJ. Doc. 9-4 at 113. The ALJ conducted the hearing and determined that Guyer was not disabled. Doc. 9-2 at 31.

Guyer filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g); *see* doc. 9-8 at 3. Pending before this Court is Guyer's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 16, 18, 21) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 7.

**B. The Disability Determination Process**

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;
2. had a severe medically determinable impairment;
3. suffered from an impairment listed in the regulations as presumptively disabling;

4. could return to his past work; and

5. could perform other available work in the national economy.

*See* § 404.1520(a)(4)(i)–(v).

Between steps three and four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### C. Issues on Appeal

After following the five-step sequential analysis, the ALJ determined that Guyer "has not been under a disability . . . from May 10, 2021, through the date of this decision." Doc. 9-2 at 31. The ALJ determined at the RFC stage that Guyer has the ability:

> to perform light work as defined in 20 CFR 404.1567(b) except the claimant can stand and/or walk for four (4) hours in an eight (8) hour workday. The claimant can frequently handle

> and finger with her non-dominant, left upper extremity. She can occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch or crawl. She can tolerate occasional exposure to unprotected heights, and she can occasionally operate hazardous machinery. The claimant can tolerate frequent exposure to extreme cold and vibrations.

*Id.* at 27. The ALJ denied Guyer's disability claim at step five, after considering her "age, education, work experience, and residual functional capacity," because he found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 30.

On appeal, Guyer argues that the ALJ erred by: (1) failing to develop the evidentiary record; (2) failing to address her need to lie down; and (3) failing to evaluate her symptoms. Doc. 16 at 1. The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II. LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42

U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In

determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Guyer is disabled, but whether the Commissioner's finding that Guyer is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of

review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. ANALYSIS

Guyer argues that the ALJ erred by: (1) failing to develop the evidentiary record; (2) failing to address her need to lie down during the day; and (3) failing to evaluate her symptoms. Doc. 16 at 1. After careful review, the Court finds that the ALJ's decision was supported by substantial evidence and will affirm.

### A. The ALJ sufficiently developed the evidentiary record.

Guyer first argues that the ALJ failed to fully develop the record in assessing her physical RFC limitations. Doc. 16 at 13. Specifically, she contends that the "record is devoid of any opinion evidence regarding . . . [her] physical impairments from an examining or treating source," and thus the ALJ "should have sent [her] to a consultative examiner or

scheduled a medical expert at the hearing for an opinion as to the claimant's physical [RFC]." *Id.* at 14-15.

Both the Act and regulations provide that the claimant is responsible for presenting evidence of disability. 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); 20 C.F.R. § 404.1512(a) ("[I]n general, you have to prove to us that you are . . . disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)."). "The burden lies with the claimant to develop the record regarding his or her disability because the claimant is in a better position to provide information about his or her own medical condition." *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Although the ALJ must eliminate evidentiary gaps that prejudice the claimant's case and resolve any material conflict or ambiguity in the evidence, *id.* at 216, the ALJ is not required to "search out all relevant evidence which might be available, since that would in effect shift the

burden of proof to the government." *Hess v. Sec'y of Health, Educ. & Welfare*, 497 F.2d 837, 840 (3d Cir. 1974).

Here, Guyer has been represented by counsel since May 2022. Doc. 9-4 at 7. Guyer had nearly two years to proffer medical evidence to the ALJ before her claim was decided. Additionally, Guyer could have requested, through her attorney, that the ALJ further develop the record with a consultative examination or medical expert testimony at the hearing but did not. *See* Tr. of Hr'g, doc. 9-2 at 40, *et seq*. "The ALJ was permitted to presume that [Guyer] had put forth [her] best case since [she] was represented by counsel." *Webster v. Berryhill*, No. 16-2403, 2018 U.S. Dist. LEXIS 41948, at *16 (M.D. Pa. Jan. 22, 2018), citing *Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007).

Moreover, under the current social security regulations, the ALJ—not the treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011), citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c). Further, there is no legal requirement that a physician has to have made the particular findings that an ALJ

adopts in the course of determining an RFC. *Titterington v. Barnhart*, 174 F. App'x 6, 11 (3d Cir. 2006).

Here, the ALJ evaluated Guyer's longitudinal medical history and evaluated two state agency consultants' opinions to determine the RFC. *See* doc. 9-2 at 27-30. The ALJ emphasized that Guyer's medical records, despite confirming her impairments in the upper back, consistently demonstrated normal findings, including "full motor strength and reflexes throughout, demonstrated full range of motion in her cervical spine and demonstrated full range of motion in her bilateral upper extremities." *Id.* at 28; *see also id.* at 29 ("However, by September 2023, the claimant's physical examination was again normal.")

Although the ALJ was not required to base his opinion on particular medical opinion evidence, *Titterington*, 174 F. App'x at 11, the ALJ did review and base his RFC assessment on the two agency consultants' opinions. *See* doc. 9-2 at 29. Coupled with the ALJ's review of Guyer's medical records and the two agency consultants' opinions, the ALJ properly assessed the RFC.

Contrary to Guyer's argument that the ALJ should have ordered a consultative examination, that decision is within the sound discretion of

the ALJ. *See Thompson v. Halter*, 45 F. App'x 146, 149 (3d Cir. 2002). That duty "does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Id.* This Court in *Dietrich v. Saul* further explained:

> The regulations authorize the ALJ to obtain a consultative examination if there remains information needed to make a disability determination, "such as clinical findings, laboratory tests, a diagnosis or a prognosis" which cannot be obtained from the medical record. 20 C.F.R. §§ 404.1519a, 416.919a. Such an examination may be requested when the Commissioner is not presented with the information that is necessary to make a decision or is presented with inconsistent information. 20 C.F.R. §§ 404.1519a(a)-(b), 416.919a(a)-(b).

501 F. Supp. 3d 283, 293 (M.D. Pa. 2020) (emphasis in original). Because the ALJ was presented with sufficient information, in the form of longitudinal medical history and opinion evidence from two agency consultants, the ALJ acted properly within the scope of his discretion by not ordering consultative examinations. *See Dietrich*, 501 F. Supp. 3d at 293. And his ultimate determination was based on substantial evidence.

**B. The ALJ appropriately considered all medically determinable impairments evidenced in the record.**

Guyer next argues that the ALJ erred by failing to address her need to lie down in determining the RFC. Doc. 16 at 16. Specifically, Guyer

argues that the ALJ never addressed her allegation and testimony that she spends majority of her day lying down. *Id.* at 16-17.

A claimant has the burden to establish a medically determinable impairment. At step two, a claimant must establish a physical or mental impairment which must be shown by "medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. The ALJ "will not use [a claimant's] statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment[.]" *Id.* The existence of a medically determinable impairment "cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings." SSR 96-4p, 1996 WL 374187, at *1. Here, the record shows that Guyer falls short of carrying her burden to establish a need to lie down as a medically determinable impairment. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005) (explaining that the ALJ need not discuss all impairments but only those that are medically determinable).

Since the alleged onset of disability, Guyer has never been treated for an alleged need to lie down. Neither does she argue that she ever reported such a need to a medical provider. *See generally* docs. 16, 21.

The Court is, therefore, satisfied that substantial evidence supported the ALJ's determination to exclude such a need as a medically determinable impairment. *See Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) (finding that mere diagnosis of an impairment, without more, does not warrant an award of disability benefits); *see also Swartz v. Dudek*, No. 24-688, 2025 WL 1311911, at *8 (M.D. Pa. May 6, 2025) (rejecting claimant's argument that the ALJ failed to consider his need to lie down because the claimant failed to provide objective medical evidence to support such a limitation, other than his own testimony).

**C. The ALJ properly evaluated Guyer's symptoms.**

Finally, Guyer argues that the ALJ made multiple errors in evaluating her symptoms. Doc. 16 at 17. The Court has reviewed Guyer's arguments as to these alleged errors and find them to be unavailing, amounting to no more than a request to reweigh the evidence. *See* doc. 16 at 18-20 (arguing that the ALJ erred by noting her treatment was conservative, failing to consider her work history, and ignoring her reports of daily activities). That request must be denied. *Chandler*, 667 F.3d at 359 ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations.").

As to Guyer's argument that the ALJ discounted her self-reported pain from fibromyalgia based on a lack of objective findings, Guyer mischaracterizes the record. *See* doc. 16 at 18. As the Commissioner points out, the ALJ did not require Guyer to demonstrate objective evidence of fibromyalgia. Def.'s Br., doc. 18 at 17-18. The ALJ appropriately considered the objective medical evidence because, although symptoms of fibromyalgia could be considered subjective by nature, *see Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987), the ALJ found that Guyer had suffered from two other severe impairments. *See* doc. 9-2 at 25 ("degenerative disc disease of the cervical spine" and "lumbar spine"). The presence of those other impairments required the ALJ to consider Guyer's objective medical evidence. *See Trauterman v. Comm'r of Soc. Sec.*, 296 F. App'x 218, 220-21 (3d Cir. 2008) (finding appropriate an ALJ's consideration of the objective medical evidence of record because a claimant suffered not only fibromyalgia, but also cervical and lumbar spine impairments).

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: August 21, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge